OFFERMAN et al. v. REICH.

(Supreme Court, Appellate Term. June 23, 1904.)

1. PRINCIPAL AND AGENT—UNAUTHORIZED ACTS OF AGENT—RATIFICATION.

    The receivers of a brewing company, which had been in the habit of procuring bonds for its customers, on failing to procure such a bond for a certain customer from a surety company were advised by a collector of the brewing company to advance a considerable sum of money to other persons to induce them to give such a bond. This they declined to do, and warned the collector that, if he should pay more than the customary fee of surety companies for the bond, it would be at his own expense. Notwithstanding this warning, the collector procured the bond at an expense of $700. *Held* that, even if what the collector did was for the benefit of the estate held by the receivers, their conduct in availing themselves of the collector's action by afterwards furnishing money for the customer's tax certificate, and accepting him as a customer, did not constitute a ratification of the collector's unauthorized act, and he could not reimburse himself out of his indebtedness to the receivers for his outlay in procuring the bond.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by C. Henry Offerman and another, as receivers of the Malcom Brewing Company, against Bernard Reich. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Leonard Bronner, for appellant.
Hamilton & Beckett, for respondents.

MacLEAN, J. It was the custom of the plaintiffs, as it had been of the brewing company, of which they were receivers, for the purpose of furthering business, to advance to purchasers of beer money for the fee upon the liquor tax certificate, and also for expense of procuring the bond required as the condition for a license, which bond was commonly issued by a surety company at an expense of $15 to $20. "Because of a conviction in the place," the surety company would not give a bond for one Lynch, a beer seller of especial interest to the receivers' estate because of a chattel mortgage of $3,000 theretofore given by Lynch to the company. This bond, the defendant, one of its collectors, advised the receivers to procure from other persons at a cost of $800, of which Lynch was to pay one-half. This, the receivers say, they declined to do, although Reich strenuously urged the advantages arising from the sale of beer, and also to preserve the property covered by the mortgage. The different versions of their conversations need not be rehearsed. The receivers advanced the money for the required tax certificate, and Reich procured the bond, as he said, for $700, one-half of which he deducted upon his own returns, $350, the amount sued for herein. Among the matters urged for the defense the only one requiring consideration is that the plaintiffs knew of the procuring of the bond and its cost, and ratified the action of defendant by thereafter furnishing money for the required tax certificate and taking Lynch as a cus-

tomer. According to their story, however, the defendant was fully warned that the receivers would not pay any such amount, or more than the customary fee of the surety company, and, if he did pay more, he would do it out of his own pocket; to which it was suggested that some advantages might accrue from his commissions on sales to Lynch and from sharing discounts made to that purchaser. Even if what the defendant did was for the benefit of the estate held by the receivers, whether or not they availed themselves of it, their course was not a ratification of his conduct, and he could not recoup his outlay by deducting it from his indebtedness to the receivers. If the facts be as narrated by them, and as the learned justice below has found, the judgment should be affirmed.

Judgment affirmed, with costs. All concur.